[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14660
Non-Argument Calendar
_____

D.C. Docket No. 6:11-cr-00023-BAE-GRS-1


UNITED STATES OF AMERICA,

                                                      Plaintiff-Appellee,

versus

MANUEL HRNEITH,
a.k.a. Victor Manuel Arrieta,
a.k.a. Alfreda Sancez Torres,
a.k.a. Alfredo Sancez Urieta,

                                                      Defendant-Appellant.
_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(July 1, 2013)

Before WILSON, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Manuel Hrneith appeals his 70-month sentence for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Mr. Hrneith argues that his sentence, which is 13 months greater than top of the applicable sentencing guideline range, is substantively unreasonable because the district court based its decision on three impermissible factors: (1) Mr. Hrneith's status as an illegal alien; (2) a statement that Mr. Hrneith "almost qualified" as an armed career criminal; and (3) a belief that Mr. Hrneith's prior escape from custody was not accurately reflected in the sentencing guidelines. After review, we find no plain error or abuse of discretion in the district court's rationale and, accordingly, affirm.

In 1991, Mr. Hrneith pled guilty to charges of second-degree murder, assault with a deadly weapon, and robbery with a deadly weapon following a drunken dispute in North Carolina. He was given an 18-year sentence. Four years later, however, he managed to climb over a fence at the North Hanover Correctional Center and escape from state custody. He fled to the Southern District of Georgia where he found work, lived under a variety of assumed names, and successfully evaded law enforcement for over 15 years.

In June of 2011, the mother of Mr. Hrneith's son tipped off the North Carolina Department of Corrections Fugitive Squad that Mr. Hrneith was living in a home in Tattnall County, Georgia. Local authorities obtained a search warrant, entered the residence, and apprehended Mr. Hrneith. When authorities searched the

residence, they found three firearms and ammunition in Mr. Hrneith's bedroom and a gun safe in the hallway which contained three additional firearms.

On September 15, 2011, Mr. Hrneith pled guilty in North Carolina state court to his escape from state prison. He was transferred into federal custody on January 20, 2012, after a federal grand jury in the Southern District of Georgia returned a single-count indictment charging him with possession of a firearm by a convicted felon.

Mr. Hrneith pled guilty to the felon-in-possession charge. His advisory imprisonment range under the Sentencing Guidelines was 46-57 months. At the sentencing hearing, the government recommended an upward variance to 70 months' imprisonment. The district court agreed with that request, and this appeal followed.

We review the substantive reasonableness of a sentence under an abuse of discretion standard. *See Gall v. United States,* 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). In so doing, "we do not, as the district court did, determine the exact sentence to be imposed." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). In fact, even if the district court's sentence is more severe or more lenient than the sentence we would have imposed, reversal is only warranted if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the [18 U.S.C.] § 3553(a) factors by arriving at a

3

sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey,* 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*) (quoting *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008)). However, when a defendant fails to "*clearly articulate* a specific objection during sentencing," we review for plain error. *See United States v. Zinn*, 321 F.3d 1084, 1088 (11th Cir. 2003) (emphasis in original). With these standards in mind, we address the three factors that Mr. Hrneith believes rendered his sentence substantively unreasonable.

First, Mr. Hrneith argues that the district court impermissibly relied on his status as an illegal alien to impose a sentence above the sentencing guideline range.[1] In particular, the district court explained that the upward variance request by the government was appropriate, in part, because "the defendant is a citizen of Mexico, now 50 years of age, who illegally entered in this country in 1978," and his illegal status was not reflected in the sentencing guidelines range. *See* D.E. 37 at 17-18. Mr. Hrneith contends that his status as an illegal alien cannot impact his sentencing because a person's national origin is "not relevant in the determination of a sentence." U.S.S.G. § 5H1.10. In so doing, his argument attempts to incorrectly equate his immigration status with his national origin when, in fact, the two are not synonymous. *See, e.g., United States v. Lopez-Salas*, 266 F.3d 842, 846

---

[1] Because Mr. Hrneith did not object on this ground at sentencing and raises it for the first time on appeal, we review only for plain error.

n.1 (8th Cir. 2001) ("National origin is a prohibited factor. However, a person's legal status as a deportable alien is not synonymous with national origin."). Unlike national origin, illegal entry into the United States is a voluntary act that is punishable under federal law. *See* 8 U.S.C. § 1325. As such, it was not plain error for the district court to take that conduct into account as part of the "background, character, and conduct of [Mr. Hrneith] . . . for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661. *See also United States v. Loaiza-Sanchez*, 622 F.3d 939, 942 (8th Cir. 2010) (holding that defendant's illegal entry into the United States "may be relevant in a particular case to the factors enumerated in § 3553(a)(2)").

Mr. Hrneith also argues that his illegal status is an impermissible factor for sentencing under *United States v. Velasquez Velasquez*, 524 F.3d 1248 (11th Cir. 2008). In that case, we held that "a judge may not impose a more serious sentence than he would have otherwise based on unfounded assumptions regarding an individual's immigration status or on his personal views of immigration policy." *Id*. at 1253. Neither of those two impermissible bases is reflected by the district court's reasoning in this case. As an initial matter, Mr. Hrneigh's illegal entry into the United States is not an unfounded assumption. It is an undisputed fact in the PSI, which Mr. Hrneith did not object to at sentencing. Furthermore, the sentencing transcript cannot be read to suggest that the district court imposed its

5

sentence based upon personal views relating to immigration policy. At the hearing, any mention of Mr. Hrneith's illegal alien status was narrowly focused on the fact that illegal entry is a criminal act that was not factored into the sentencing guidelines range. *See* D.E. 37 at 17-18. For these reasons, *Velasquez Velasquez* is wholly distinguishable from this case, and the district court did not plainly err in considering Mr. Hrneith's illegal entry as a factor in sentencing.

Second, Mr. Hrneith argues that his sentence is substantively unreasonable because the district court stated, at sentencing, that Mr. Hrneith "almost qualifies as an armed career criminal" but for the fact that his prior convictions for second-degree murder, aggravated assault, and armed robbery were grouped together as a single occurrence for purposes of 18 U.S.C. § 924(e).[2] *See* D.E. 37 at 12. We first note that this statement was made at the start of Mr. Hrneith's sentencing hearing, and it was not mentioned at all when the district court explained the reason for imposing its sentence. *See id*. at 12-18. Instead, the district court's explanation focused on the fact that Mr. Hrneith's illegal entry into the United States and escape from prison were not sufficiently factored into his sentencing guideline range. *See id*. at 18.

Thus, even if we were to assume that this statement constitutes an impermissible sentencing consideration, we still find that it would have constituted

---

[2] Mr. Hrneith also failed to object on this ground at sentencing and raises it for the first time on appeal. We, therefore, confine our review to plain error once again.

harmless error because the record shows that this statement was either not considered or "did not substantially affect" the sentence imposed. *See United States v. Williams*, 456 F.3d 1353, 1361-62 (11th Cir. 2006), *abrogated on other grounds by Kimbrough v. United States*, 552 U.S. 85, 128 S.Ct. 558 (2007). Mr. Hrneith received a sentence of 70 months. An armed career criminal designation carries a mandatory minimum sentence of 15 years (i.e. 180 months). *See* 18 U.S.C. § 924(e). Given the wide disparity between those two sentences, we simply find no basis to conclude that the district court's statement about the armed career criminal designation could have been a substantial factor in Mr. Hrneith's sentence.

Third, Mr. Hrneith argues that the district court was mistaken in its belief that an above-guidelines sentence was merited because Mr. Hrneith's escape from prison was not adequately factored into his sentencing guidelines range. The district court made this determination based upon the fact that the calculation of Mr. Hrneith's base offense level did not include his conviction for escape from prison. *See* D.E. 37 at 16 ("[T]he crime of escape was committed years ago, but because it was not punished until after this, th[ose] four [base level] points [are] not assessed against him.").[3] Mr. Hrneith contends that this enhancement was

---

[3] If Mr. Hrneith had been convicted of his escape attempt before his § 922(g)(1) offense, his base offense level under the sentencing guidelines would have been four points higher because his offense would have occurred after two felony convictions for crimes of violence. *See*

unnecessary because his escape from prison was already factored into his criminal history category and improper because "[t]he guidelines look to convictions, not offenses, preceding the commission of . . . the offense involved in the federal case." Initial Br. at 15. However, the district court was not required to limit its judgment to the contours of the sentencing guidelines. *See United States v. Booker*, 543 U.S. 220, 245, 125 S.Ct. 738, 756 (2005). A district court is required to accurately calculate and consider the sentencing guideline range, but, given the facts of a particular case, it may impose sentences above or below that range. *See, e.g., Pepper v. United States*, ___ U.S. ___, ___, 131 S.Ct. 1229, 1247 (2011) ("[O]ur post-*Booker* decisions make clear that a district court may in appropriate cases impose a non-Guideline sentence based on a disagreement with the Commission's views."). In this case, we conclude that the district court did not abuse its discretion when it disagreed with the sentencing guidelines and determined that the crime of escape committed seventeen years prior ought to have the same impact on sentencing as a prior conviction for that same crime.

We hold, therefore, that the district court's sentence does not lie outside the range of reasonable sentences dictated by the facts of this case. *See Irey,* 612 F.3d at 1190. The sentence imposed by the district court is affirmed.

**AFFIRMED**.

---

U.S.S.G. § 2K2.1(a)(2). With that revised base offense level, Mr. Hrneith's sentencing guideline range would have been 70-87 months.